**IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Lonnie Lamont Griffin,
Key to Life Transport, LLC,
Kijuana Evans, Tristate Guardian                      Case No:
Services, Inc., Evans Diversified, LLC                Hon:
DeOndra Durrell Gray,
Benita Hailey, and Debra Ward,

       Plaintiffs,

vs.

FBI Agent Jeffrey Weiland,
The Federal Bureau of Investigation, and
Other Unknown FBI Agents
         Defendants.
_____/

  HALL MAKLED, P.C.
  Cyril C. Hall
  Cyril C. Hall P29121
  Attorney for Plaintiffs
  23950 Princton Street
  Dearborn, Michigan 48124
  (313)788-8888

**COMPLAINT, and
DEMAND FOR JURY TRIAL**

## RELATED CASES

There is a related civil action for the return of property arising out of the same transaction(s) or occurrence(s) alleged in this Verified Complaint. See Lonnie Griffin v. Federal Bureau of Investigation, Case No. 2:25-cv-11267 (E.D. Mich.). On December 5, 2025, Magistrate Judge Anthony P. Patti  issued a Report and Recommendation (R & ) that the motion be dismissed. (R.34). On March 25, the Honorable Mark A. Goldsmith issued an Opinion and Order adopting the R & R of Magistrate Judge Anthony P. Patti and dismissed the motion.  (R.37). A timely notice of appeal was filed. (R.39). (COA No. 26-1376).

There is a separate related civil action initiated by the Government against property identified in this cause of action. See IN RE: 2024 Ford Transit 350 Van, VIN 1FDAX2C87RKA50940, Case No. 2:25-mc-51232 (E.D. Mich.). This cause of action remains pending.

## NATURE OF THE ACTION

This is a Verified Complaint pursuant to the holdings of *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Special Agent Jeffrey Weiland, an agent of the Federal Bureau of Investigation (FBI), and an unknown number of other named agents of the FBI. Defendant Weiland, sued in his individual capacity, and the unknown named agents

are sued individually and in their individual capacities under *Groh* and *Bivens*, the Constitution, statutory and common law.

## PARTIES

1. Plaintiff Lonnie Lamont Griffin, at all times herein, was/is a resident who lives in the State of Michigan, Wayne County.

2. Plaintiff DeOndra Durrell Gray, at all times herein, was/is a resident who lives in the State of Michigan, Wayne County.

3. Plaintiff Kijuana Evans, at all times herein, was/is a resident who lies in the State of Michigan, Macomb County.

4. Tristate Guardian Services, Inc., is a domestic corporation registered in the State of Michigan.

5. Key to Life Transport, LLC, is a domestic corporation registered in the State of Michigan.

6. Evans Diversified, LLC, is a domestic corporation registered in the State of Michigan.

7. Plaintiff Benita Hailey, at all times herein, was/is a resident who lies in the State of Michigan, Oakland County.

8. Plaintiff Debra Ward, at all times herein, was/is a resident who lies in the State of Michigan, Oakland County.

9.   Defendant Jeffrey Weiland, at all times herein, upon information and belief, was/is a Special Agent with the Federal Bureau of Investigation (FBI).

10. The FBI is a federal government, executive department, law enforcement agency headquartered in Washington, D.C., with a field office located at 447 Michigan Ave., Detroit, Michigan, Wayne County.

11. The Defendants, "unknown agents" upon information and belief, are/were agents of the Federal Bureau of Investigation who, along with Defendant Jeffrey Weiland, are responsible for the acts, violations, and injuries alleged in this action. Their identities and exact number are currently unknown to Plaintiffs but can be determined by the government based on its internal records. They will be added as named Defendants when their identities are disclosed. The Defendants "unknown agents," together with Defendant Jeffrey Weiland, et al., are referred to collectively as the "Defendants." The "unknown agents" Defendants are also sued in their individual capacities under Bivens.

## JURISDICTION

12. U.S. Const., Art. III, § 2, cl. 1.

13. *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004).

14. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

15. Jurisdiction may also be found at Title 28 U.S.C. § 1331.

## VENUE

16. Venue is proper in this court because all, or a substantial part of the acts or omissions giving rise to the Verified Complaint occurred in Eastern District of Michigan, Wayne County. 28 U.S.C. § 1391.

## QUALIFIED IMMUNITY

17. Defendant's individually, and in their individual capacity, are not entitled to qualified immunity.

 A.

## STATEMENT OF FACTS

18. On May 6, 2024, the Oakland County Probate Court appointed Tristate Guardian Services, Inc. as the legal guardian of Benita Hailey. (file no. 2022-406, 984-GA).

19. At all times relevant herein, Benita Hailey was under the care, custody and control of Tristate Guardian Services, Inc. pursuant to Michigan Compiled Law 700.5314. [Ex. A].

20. On March 6, 2024, the Oakland County Probate Court appointed Tristate Guardian Services, Inc. as the legal guardian of Debra Ward. (file no. 2022-408-900).

21. At all times relevant herein, Debra Ward was under the care, custody and control of Tristate Guardian Services, Inc. pursuant to Michigan Compiled Law 700.5314. [Ex. A].

22. On March 6, 2024, the Oakland County Probate Court appointed Tristate Guardian Services, Inc. as the legal guardian of Mary E. Spinney. (file no. 2022-410, 786).

23. On April 25, 2024, the Oakland County Probate Court appointed Tristate Guardian Services, Inc. the conservator of Mary E. Spinney. (file no. 2023-411-609).

24. At all times relevant herein, Mary Spinney was under the care, custody and control of Tristate Guardian Services, Inc. pursuant to Michigan Compiled Law 700.5314. [Ex. A].

25. On or about August of 2025, Plaintiff Kijuana Evans, dba Tristate Guardian Services, Inc., opened an account at J.P. Morgan Chase, account no. xxxxx6315.

26. JP Morgan Chase Bank, account no. xxxxx6315 was opened with a capital infusion of money from legally incapacitated wards under the care, custody, and control of Plaintiff Kijuana Evans, dba Tristate Guardian Services, Inc., including, but not limited to: Mary Spinney, Mark Mize, Anthony Van Hees, Debra Ward, Kathryn Peddie, Benita Hailey, and Gerald Reed.

27. On or about August of 2024, Plaintiff Lonnie Griffin was assigned as a signatory on the J.P. Morgan Chase Bank account no. xxxxx6315.

28. On or about September 21, 2024, Plaintiff Kijuana Evans deposited $5,000 belonging to Debra Ward into the JP Morgan Chase Bank, account no. xxxxx6315. [Ex. B].

29. On or about October 1, 2024, Plaintiff Kijuana Evans deposited $8,000 belonging to Benita Hailey into the JP Morgan Chase Bank, account no. xxxxx6315. [Ex. B].

30. On or about July 12, 2024, Kijuana Evans purchased a 2024 Ford Transit 350 Van, VIN 1FDAX2C87RKA50940, from Mobility Works, 1604 E 14 Mile Rd, Madison Heights, MI 48071. [1]

31. Kijuana Evans purchased the 2024 Ford Transit 350 Van, from Mobility Works with a Cashier's Check, # 518965510-5, drawn from Citizens Bank account no. xxxxxxxx-286-7. [Ex. C].

32. Citizens Bank account no. xxxxxxxx-286-7 was titled Estate of Mary E. Spinney/Tristate Guardian Services, Inc., Conservator. [Ex. C].

33. On or about March of 2025, Kijuana Evans, (Tristate Guardian Services Inc.) entered into a Memorandum of Understanding with Lonnie Lamont Griffin, owner-

---

[1] At all times herein, Plaintiff's refer to the 2024 Ford Transit 350 Van with the VIN no: 1FDAX2C87RKA-50940.

operator of Key to Life Transport, LLC, setting forth a "course of performance" for the use of  2024 Ford Transit 350 Van.

34. Under the terms of the March 2025 Memorandum of Understanding Plaintiff Lonnie Lamont Griffin assumed bailee responsibilities of the 2024 Ford Transit 350 Van.

35. Under the terms of the March 2025 Memorandum of Understanding, Plaintiff Lonnie Lamont Griffin, assumed possessory interest in the 2024 Ford Transit 350 Van.

36. Under the terms of the March 2025 Memorandum of Understanding, Plaintiff Lonnie Lamont Griffin, assumed privacy interest in the 2024 Ford Transit 350 Van.

37. On April 22, 2025, Plaintiff DeOndra Durrell Gray had possession of the 2024 Ford Transit 350 Van.

38. On April 22, 2025, Plaintiff DeOndra Durrell Gray parked the 2024 Ford Transit 350 Van on the curtilage at 16934 Spencer Street, Detroit, MI 48234.

39. On April 22, 2025, an unknown number of armed agents of the FBI, and other officers acting in cooperation with the FBI, intruded on the property located at 16934 Spencer Street, Detroit, MI 48234 without a facially valid warrant.

40. On April 22, 2025, one or more of the armed agents from the FBI informed Plaintiff DeOndra Durrell Gray that the agents were there to seize the 2024 Ford Transit 350 Van.

41. On April 22, 2025, one or more of the unknown numbers of armed agents from the FBI demanded the keys to the 2024 Ford Transit 350 Van from Plaintiff DeOndra Durrell Gray.

42. On April 22, 2025, Plaintiff DeOndra Durrell Gray requested from one or more agents on scene at 19634 Spencer Street, Detroit, MI, 48234 a copy of the Seizure Warrant issued by a Magistrate Judge describing the 2024 Ford Transit 350 Van, as subject to seizure.

43. No warrant for seizure was produced, provided to Plaintiff DeOndra Durrell Gray, or left at 19634 Spencer Street, Detroit, MI 48234.

44. On April 22, 2025, one or more of the unknown numbers of armed agents from the FBI directed an unnamed tow truck driver to enter the curtilage at 16934 Spencer St., Detroit, MI 48234 to hook the 2024 Ford Transit 350 Van to the unnamed tow truck driver's tow truck.

45. On April 22, 2025, Plaintiff DeOndra Durrell Gray relinquished a key to the 2024 Ford Transit 350 Van to an unknown agent of the FBI.

46. On April 22, 2025, one or more unknown agents of the FBI seized account no. xxxxx7662 at JP Morgan Chase Bank.

47. On or about April 28, 2025, $130,378.99, representing the funds on deposit at JP Morgan Chase Bank, account no. xxxxx7662, was turned over to the FBI.

48. On April 22, 2025, one or more unknown agents of the FBI seized account no. xxxxx6932 at JP Morgan Chase Bank.

49. On or about April 28, 2025, the $1,077.56, representing the funds on deposit at JP Morgan Chase Bank, account no. xxxxx6932, was turned over to the FBI.

50. On April 22, 2025, one or more unknown agents of the FBI seized account no. xxxxx5989 at JP Morgan Chase Bank.

51. On or about April 28, 2025, the $133.32, representing the funds on deposit at JP Morgan Chase Bank, account no. xxxxx5989, was turned over to the FBI.

52. On April 22, 2025, one or more unknown agents of the FBI seized account no. xxxxx6315 at JP Morgan Chase Bank.

53. On April 22, 2025, one or more unknown agents of the FBI seized account no. xxxxx5937 at Bank of America.

54. On or about April 28, 2025, the $45,111.79, representing the funds on deposit at Bank of America, account no. xxxxx5937, was turned over to the FBI.

55. On April 28, 2025, the $335,747.38, representing the funds on deposit at JP Morgan Chase Bank, account no. xxxxx6315, was turned over to the FBI.

56. On or about June 13, 2025, a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceeding was created by Defendants' identifying Plaintiff DeOndra Durrell Gray, at the address of 19675 Spencer Street, Detroit,

MI, 48234, as interested party to the 2024 Ford Transit 350 Van. (Notice Letter ID: 636316).

57. On or about June 13, 2025, a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceeding was created by Defendants' identifying Plaintiff Kijuana Evans, at the address of 37037 Charter Oaks Blvd., Clinton Twp., MI 48036 as interested party to the 2024 Ford Transit 350 Van. (Notice Letter ID: 636315).

58. On or about June 20, 2025, a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceeding was created by Defendant's, identifying Plaintiff Lonnie Lamont Griffin, as an interested party, to the funds seized on deposit at JP Morgan Chase Bank, account no.'s xxxxx7662, xxxxx6932, xxxxx5989 and xxxxx6315. (Notice Letter ID: 637656).[2]

**B.**

## CLAIM ONE

**Defendants' intrusion on the property located at 19634 Spencer Street, Detroit, MI., without a facially valid Warrant particularly describing 19634 Spencer Street, Detroit, MI., as the subject of a search was unconstitutional under the Fourth Amendment.**

---

[2] An identical Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceeding (Notice Letter ID: 637655) was sent to the Law Offices of David M. Belanger, P.C., 200 Maple Park Boulevard, Suite 205, St. Clair Shores, MI 48081. Attorney David M. Belanger had previously represented Key to Life Transport, LLC (Lonnie Lamont Griffin) in an unrelated Probate Court proceeding.

59. Plaintiffs re-allege and incorporate by reference, each and every statement of fact set forth in paragraphs 18-58 above.

60. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Plaintiffs had a reasonable expectation of privacy, by virtue of the right to exclude, against Defendants' warrantless intrusion onto the curtilage of 19634 Spencer Street, Detroit, MI, 48234.

61. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, did unconstitutionally trespass on the curtilage located at 19634 Spencer Street, Detroit, MI, 48234 without a facially valid warrant particularly describing 19634 Spencer Street, Detroit, MI 48234 as being subject to search.

## CLAIM TWO

**Defendants' seizure of the 2024 Ford Transit 350 Van without a facially valid Seizure Warrant particularly describing the 2024 Ford Transit 350 Van as the subject of seizure violated the Fourth Amendment.**

62. Plaintiffs re-allege and incorporate by reference, each and every statement of fact set forth in paragraphs 18-58 above.

63. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., acting under color of authority, unconstitutionally intruded on the property located at 19634 Spencer Street, Detroit, MI, 48234

without a facially valid seizure warrant,  particularly describing the 2024 Ford Transit 350 Van as subject to lawful seizure.

64. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Plaintiffs had a reasonable expectation of privacy by virtue of the right to exclude, against Defendants' warrantless seizure of the 2024 Ford Transit 350 Van.

65. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, did unconstitutionally infringe with Plaintiffs privacy interest, by virtue of the right to exclude, in the 2024 Ford Transit 350 Van.

66. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, did unconstitutionally infringe with Plaintiffs possessory interest, by virtue of the right to exclude, in the 2024 Ford Transit 350 Van.

67. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, did deliberately, maliciously and unconstitutionally infringe with Plaintiff's possessory interest, by virtue of the right to exclude, in the 2024 Ford Transit 350 Van, causing loss of use and loss of employment opportunity or expectancy.

68. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, deliberately and maliciously intended to infringe with a business enterprise, with the unconstitutional seizure of the 2024 Ford Transit 350 Van.

69. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, beginning April 22, 2025, and beyond, Defendant Weiland in his individual capacity,  Defendants, et al., in their individual capacities, acting under color of authority, deliberately and maliciously intended to deprive Plaintiffs of their bailee rights of use of the 2024 Ford Transit 350 Van by the unconstitutional seizure thereof.

70. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity,  Defendants, et al., in their individual capacities, acting under color of authority, purposefully, wantonly, and with total disregard of the Fourth Amendment, infringed upon Plaintiffs bailee rights of use of the 2024 Ford Transit 350 Van.

71. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, beginning April 22, 2025, and beyond, Defendant Weiland in his individual capacity,  Defendants, et al., in their individual capacities, acting under color of authority, deliberately and maliciously intended to deprive Plaintiffs of their

privacy rights, by virtue of the right to exclude, to the 2024 Ford Transit 350 Van by unconstitutional seizure thereof.

72. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, did not have in their possession a judicially issued warrant  particularly describing 2024 Ford Transit 350 Van as subject to seizure.

73. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, et al., in their individual capacities, acting under color of authority, unconstitutionally directed the unknown tow truck driver to unconstitutionally intrude upon the curtilage at 19634 Spencer Street, Detroit, MI, 48234, without a facially valid warrant, thus violating Plaintiffs reasonable expectation of privacy by virtue of the right to exclude, against warrantless intrusion.

74. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, the unknown tow truck driver, under the control, supervision, and direction of, Defendants, et al., in their individual capacities, acting under color of authority, unconstitutionally hooked, seized, or otherwise took possession of the 2024 Ford Transit 350 Van, from the curtilage at 19634 Spencer Street, Detroit, MI, 48234.

75. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of

authority, in reckless disregard for the truth, under oath or affirmation, swore that the 2024 Ford Transit 350 Van, constituted proceeds traceable to a Federal offense.

76. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, in reckless disregard for the truth, under oath or affirmation, swore that, prior to June 13,2025, the 2024 Ford Transit 350 Van, constituted proceeds traceable to a Federal offense.

77. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, in reckless disregard for the truth, under oath or affirmation, swore that, prior to June 13,2025, the 2024 Ford Transit 350 Van, was obtained directly or indirectly to a Federal offense.

78. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al., in their individual capacities, acting under color of authority, failed to read the Warrant prior to their April 22, 2025, arrival at 19634 Spencer Street, Detroit, MI, 48234 to unconstitutionally seize the 2024 Ford Transit 350 Van.

79. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al., in their individual capacities, acting under color of authority, did not satisfy themselves as

to the scope and limitations of their authority to seize the 2024 Ford Transit 350 Van, prior to their April 22, 2025, arrival at 19634 Spencer Street, Detroit, MI.

80. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al., in their individual capacities, acting under color of authority, acted with deliberate indifference to the Fourth Amendment rights of Plaintiffs, when they unconstitutionally seized the 2024 Ford Transit 350 Van on April 22, 2025, without a facially valid warrant.

81. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al. in their individual capacities, acting under color of authority, abused their discretion when they when they seized the 2024 Ford Transit 350 Van without a facially valid warrant.

82. Plaintiffs allege that, at all relevant times, Defendant Weiland and the other Defendants, in their individual capacities and acting under color of official authority, seized the 2024 Ford Transit 350 van without a facially valid warrant, and that this unconstitutional seizure was the proximate cause of substantial harm to Plaintiffs' well-being and livelihood.

## CLAIM THREE

**Defendants' seizure of the 2024 Ford Transit 350 van was Unreasonable under the Fourth Amendment.**

83. Plaintiffs re-allege and incorporate by reference, each and every statement of fact set forth in paragraphs 18-58 above.

84. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 59-82 above.

85. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained false or misleading information that the van was proceeds of a Federal offense.

86. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5314 et seq., authorized Plaintiffs Kijuana Evans and Tristate Guardian Services to receive money and tangible property deliverable to the ward and apply the money and property for the ward's support, care, education and, conserve any excess for the ward's needs, on behalf of Plaintiffs Benita Hailey and Debra Ward, et al.

87. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5423  authorized Plaintiff Kijuana Evans and Tristate Guardian Services to participate in the operation of a business or other enterprise.

88. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5423 authorized Plaintiffs Kijuana Evans and Tristate Guardian Services to expend or distribute estate income or principal without court authorization or confirmation for the support, education, care, or benefit of the protected individual.

89. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained materials that is, that Michigan Compiled Law 700.5423

empowered Plaintiff Kijuana Evans and Tristate Guardian Services with legal authority to expend or distribute money reasonably necessary for the support, education, care, or benefit of the protected individual.

90. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5425 empowered Plaintiff Kijuana Evans and Tristate Guardian Services with legal authority to expend or distribute money reasonably necessary for the support, education, care, or benefit of the protected individual.

91. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5425 empowered Plaintiff Kijuana Evans and Tristate Guardian Services with legal authority to pay money to be expended, or to reimburse for an expenditure that Plaintiff Kijuana Evans and Tristate Guardian Services might have made or in advance for a service to be rendered, if it is reasonable to expect the service will be performed.

92. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.7817 empowered Plaintiff Kijuana Evans and Tristate Guardian Services to make loans out of trust property.

93. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5318 indemnified Plaintiff Lonnie Griffin and Key to Life Transport's dealing with Plaintiff Tristate Guardian Servies as Guardian in the conduct of a transaction.

94. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5422 indemnified Plaintiff Lonnie Griffin and Key to Life Transport's assistance or dealing with Plaintiff Tristate Guardian Services as a conservator.

95. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for the 2024 Ford Transit 350 Van, that contained material omissions that is, that Michigan Compiled Law 700.5423 afforded Plaintiffs Kijuana Evans and Tristate Guardian Services with Trustee powers.

96. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity,  Defendants, et al., in their individual capacities, acting under color of authority, did not ensure that the April 22, 2025, seizure of the 2024 Ford Transit 350 Van was lawfully authorized with an accompanying, judicially issued, facially valid seizure warrant, under the Fourth Amendment.

97. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, and Defendants et al., acting under color of authority, shirked their duty to ensure that the warrant conformed to the Fourth Amendment.

98. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al., in their

individual capacities, acting under color of authority, shirked their duty to ensure that the warrant conformed to 18 U.S.C. § 981(b)(2).

## CLAIM FOUR

**Defendants' seizure of the 2024 Ford Transit 350 van was not made in the manner proscribed by 18 U.S.C. § 981.**

99. Plaintiffs re-allege and incorporate by reference, each and every statement of fact set forth in paragraphs 18-58 above.

100. Plaintiffs re-allege and incorporate by reference allegation set forth in and 59-98 above.

101. Title 18 U.S.C. § 981(b)(2) commands: "Seizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure…." (Rule 41(e)(1)(A), Fed.R.Crim.P).

102. Defendants did not seize the 2024 Ford Transit 350 Van with a facially valid warrant, in the same manner as Fed.R.Crim.P , Rule 41, identifying "property to be seized."

103. Defendant Weiland in his individual capacity, Defendants et al. did not execute within "14 days" a seizure warrant for the 2024 Ford Transit 350 Van.

104. Defendants' "executing the warrant [did not] give a copy of the warrant [particularly identifying the 2024 Ford Transit 350 Van] to [Plaintiff DeOndra

Durrell Gray], from whose premises, the [2024 Ford Transit 350 Van] was taken." (Compare, Rule 41(f)(C), Fed.R.Crim.P.).

## CLAIM FIVE

**Defendants' seizure of the $130,378.99 on deposit at JP Morgan Chase Bank, account no. xxxxx7662, was unreasonable under the Reasonableness Clause of the Fourth Amendment.**

105. Plaintiffs re-allege and incorporate by reference, each and every statement of fact set forth in paragraphs 18-58 above.

106. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, that Plaintiffs had a reasonable expectation of privacy against Defendant Weiland in his individual capacity, Defendants et al., unreasonable intrusion into JP Morgan Chase Bank account no. xxxxx7662.

107. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, did deliberately, maliciously and unconstitutionally violated the Fourth Amendment constitutional right of Plaintiffs with the seizure of $130,378.99, causing a loss of business opportunity or expectancy.

108. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, did deliberately, maliciously and unconstitutionally infringe with Plaintiffs proprietary interest in the $130,378.99.

109.  Plaintiffs allege that, at all relevant times, Defendant Weiland, in his individual capacity and acting under color of official authority, seized the $130,378.99, and that this seizure was the proximate cause of substantial harm to Plaintiffs' well-being and livelihood.

110.  Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, initiated an Administrative Forfeiture proceeding that Defendants were not statutorily authorized to initiate because the $130,378.99 consisting of bank account funds was not of the category of property subject to non-judicial notice pursuant to 19 U.S.C. § 1607(a).

## CLAIM SIX

**Defendants' seizure of the $130,378.99 on deposit at JP Morgan Chase Bank, account no. xxxxx7662 was unconstitutional under the Warrant Clause of the Fourth Amendment.**

111.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

112.  Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for JP Morgan Chase Bank, account no. xxxxx7662 that contained false or misleading information that

the $130,378.99 consisting of bank account funds were the proceeds of a Federal offense.

113. Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, prepared and submitted an Affidavit for Seizure Warrant for JP Morgan Chase Bank, account no. xxxxx7662 that omitted material information.

114.  Plaintiffs allege that, at all relevant times, Defendant Weiland in his individual capacity, acting under color of official authority, knowingly or with reckless disregard for the truth, executed sworn statements and affirmations asserting that the $130,378.99 constituted proceeds traceable to a Federal offense.

115.  Plaintiffs allege that, at all relevant times, Defendant Weiland in his individual capacity, acting under color of official authority, knowingly or with reckless disregard for the truth, made sworn statements and affirmations asserting that the $130,378.99, was obtained directly or indirectly as a result of a violation of a Federal offense.

116.  Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendant Weiland in his individual capacity, Defendants, et al., in their individual capacities, acting under color of authority, interfered with Plaintiffs protected privacy right to the account information created, maintained, or

otherwise kept by the JP Morgan Chase Bank institution for account no. xxxxx7662.

## CLAIM SEVEN

**Defendants' seizure of the $1,077.56 on deposit at JP Morgan Chase Bank, account no. xxxxx6932, was unreasonable under the Reasonableness Clause of the Fourth Amendment.**

117.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

118.  Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 106-110 above.

## CLAIM EIGHT

**Defendants' seizure of the $1,077.56 on deposit at JP Morgan Chase Bank, account no. xxxxx6932 was unconstitutional under the Warrant Clause of the Fourth Amendment.**

119.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

120.  Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 112-116 above.

## CLAIM NINE

**Defendants' seizure of the $133.32 on deposit at JP Morgan Chase Bank, account no. xxxxx5989, was unreasonable under the Reasonableness Clause of the Fourth Amendment.**

121.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

122.  Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 106-110 above.

## CLAIM TEN

**Defendants' seizure of the $133.32 on deposit at JP Morgan Chase Bank, account no. xxxxx5989 was unconstitutional under the Warrant Clause of the Fourth Amendment.**

123.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

124.  Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 112-116 above.

## CLAIM ELEVEN

**Defendants' seizure of the $335,747.38 on deposit at JP Morgan Chase Bank, account no. xxxxx6315, was unreasonable under the Reasonableness Clause of the Fourth Amendment.**

125.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

126.  Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 106-110 above.

## CLAIM TWELVE

**Defendants' seizure of the $335,747.38 on deposit at**

**JP Morgan Chase Bank, account no. xxxxx6315 was unconstitutional under the Warrant Clause of the Fourth Amendment.**

127. Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

128. Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 112-116 above.

## CLAIM THIRTEEN

**Defendants' seizure of the $45,111.79 on deposit at Bank of America, account no. xxxxx5937, was unreasonable under the Reasonableness Clause of the Fourth Amendment.**

129. Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

130. Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 106-110 above.

## CLAIM FOURTEEN

**Defendants' seizure of the $45,111.79 on deposit at Bank of America, account no. xxxxx5937 was unconstitutional under the Warrant Clause of the Fourth Amendment.**

131. Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

132. Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 112-116 above.

## CLAIM FIFTEEN

**Defendants' Retroactive Amendment of Warrant no. 25-mc-50449-4 over 60-days after its execution date was unconstitutional under the Fourth Amendment.**

133.  Plaintiffs re-allege and incorporate by reference, each and every each and every statement of fact set forth in paragraphs 18-58 above.

134. Plaintiff re-alleges and incorporates by reference, each and every allegation as set forth in paragraphs 60-104 above.

135.  Plaintiffs assert and believe, and therefore allege, that at all times mentioned herein, Defendants, in their individual capacity, acting under color of authority, were grossly negligent, reckless, and callously indifferent to the Fourth Amendment constitutional right of Plaintiffs, when Defendants arbitrarily and capriciously sought and obtained an "Amended" seizure warrant from Magistrate Judge  Kimberly Altman on June 25, 2025, to include the 2024 Ford Transit 350 Van.

136.  Plaintiff assert and believe, and therefore allege, that at all times mentioned herein, Defendants, in their individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, sought and obtained an "Amended" Seizure Warrant in file # 25-mc-50449-4 to include the 2024 Ford Transit 350 Van, knowing that the Affidavit for Seizure Warrant contained false or misleading information.

137. Plaintiff assert and believe, and therefore allege, that at all times mentioned herein, Defendants, in their individual capacity, acting under color of authority, knowingly and intentionally, and with reckless disregard for the truth, sought and obtained an "Amended" Seizure Warrant in file # 25-mc-50449-4 to include the 2024 Ford Transit 350 Van, knowing that the Affidavit for Seizure Warrant contained material omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1) hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)
2) set a date for trial by jury;
3) hold a trial by jury on all issues so triable;
4) award Plaintiff's general damages according to proof;
5) award Plaintiffs exemplary damages;
6) award Plaintiff's compensatory damages in the amount of $ 25,000,000.00 for lost business opportunity or expectancy;
7) award Plaintiff's punitive damages in the amount of $ 75,000,000.00 for the knowing and intentional violation of Plaintiff's Fourth Amendment rights;
8) award Plaintiff's the cost of this action, reasonable attorney fees and interest; and
9) award such orthel rand further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, based on the foregoing allegations, Plaintiffs request this

Honorable Court to enter a judgment in their favor against Defendants Jeffrey

Weiland, et al., in the amounts requested, together with exemplary damages, costs,

interest, and attorney fees.

Date:                                    Respectfully submitted,

                                         HALL MAKLED, P.C.
                                         /s/ Cyril C. Hall
                                         Cyril C. Hall P29121
                                         Attorney for Plaintiffs
                                         23950 Princton Street
                                         Dearborn, Michigan 48124
                                         (313)788-8888

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

                                         Respectfully submitted,

                                         HALL MAKLED, P.C.
                                         /s/ Cyril C. Hall
                                         Cyril C. Hall P29121
                                         Attorney for Plaintiffs
                                         23950 Princton Street
                                         Dearborn, Michigan 48124
                                         (313)788-8888

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C