United States District Court
Eastern District of Michigan

Lonnie Lamont Griffin; Key to Life Transport, LLC; Kijuana Evans; Tristate Guardian Services, Inc.; Evans Diversified, LLC; DeOndra Durrell Gray; Benita Hailey; and Debra Ward,

Plaintiffs,

v.

FBI Agent Jeffrey Weiland, individually, and Other Unknown FBI Agents,

Defendants.

Civil No. 26-11650

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# Defendant FBI Agent Jeffrey Weiland's Motion to Dismiss

Defendant FBI Agent Jeffrey Weiland moves to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) because they have failed to state a valid claim against Agent Weiland.

Pursuant to Local Rule 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*<u>/s/ Zak Toomey</u>*

Zak Toomey (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: November 23, 2026

United States District Court
Eastern District of Michigan

Lonnie Lamont Griffin, et al.,

Plaintiffs,

v.

FBI Agent Jeffrey Weiland, individually, et al.,

Defendants.

Civil No. 26-11650

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

---

# Brief in Support of Defendant FBI Agent Jeffrey Weiland's Motion to Dismiss

---

## Issues Presented

Whether plaintiffs have failed to state a valid claim under *Bivens* when their claim presents a previously unrecognized *Bivens* claim and there are special factors weighing against recognizing a claim under these circumstances?

Whether plaintiffs have failed to state a valid claim when Agent Weiland's qualified immunity bars their claims because Agent Weiland did not violate plaintiffs' clearly established constitutional rights?

# Table of Contents


Introduction ........................................................................................................1

Background ..........................................................................................................1

Standard of Review ..............................................................................................3

Argument..............................................................................................................4

I. Plaintiffs Have Not Stated a Valid *Bivens* Claim Against Agent Weiland .....4

A. Plaintiffs' Claims Present a New *Bivens* Context ........................................6

B. Special Factors Indicate that the Court Should Not Recognize a *Bivens* Remedy in this Case ..........................................................................8

II. Agent Weiland is Entitled to Qualified Immunity ........................................9

A. Agent Weiland Did Not Violate the Fourth Amendment ...........................10

B. Agent Weiland Did Not Violate any Clearly Established Law ..................12

Conclusion .........................................................................................................13

Certificate of Service .........................................................................................14

# Table of Authorities

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 11

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) .......... passim

*Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438 (6th Cir. July 25, 2023) .......... 7, 9

*Carlson v. Green*, 446 U.S. 14 (1980) .......... 4

*Carpenter v. United States*, 585 U.S. 296 (2018) .......... 10

*D.C. v. Wesby*, 138 S. Ct. 577 (2018) .......... 12, 13

*Davis v. Passman*, 442 U.S. 228 (1979) .......... 4

*Egbert v. Boule*, 142 S. Ct. 1793 (2022) .......... passim

*Elhady v. Unidentified CBP Agents*, 18 F.4th 880 (6th Cir. 2021), *cert. denied sub nom*. *Elhady v. Bradley*, No. 21-1492, 2022 WL 6572095 (U.S. Oct. 11, 2022) .......... 5

*Frisby v. United States*, 79 F.3d 29 (6th Cir. 1996) .......... 11

*Griffin v. FBI*, 26-1376 (6th Cir.) .......... 3

*Griffin v. Fed. Bureau of Investigation*, No. 25-11267, 2025 WL 4351525 (E.D. Mich. Dec. 5, 2025), R & R adopted, No. 25-11267, 2026 WL 821197 (E.D. Mich. Mar. 25, 2026) .......... 2, 3, 9

*Hill v. Blue Cross & Blue Shield of Michigan,* 409 F.3d 710 (6th Cir. 2005) .......... 3

*In re 2024 Ford Transit 350 Van*, No. 25-mc-51232 (E.D. Mich.) .......... 2

*In re Search/Seizure Warrant*, 25-mc-50449 (E.D. Mich.) .......... 2, 11, 12

*Messerschmidt v. Millender*, 565 U.S. 535 (2012) .......... 10

*Morgan v. Church's Fried Chicken,* 829 F.2d 10 (6th Cir. 1987) .......... 3

*Mullenix v. Luna*, 577 U.S. 7 (2015) .......... 12

*Pearson v. Callahan*, 555 U.S. 223 (2009) .......... 10, 12

*Pompy v. First Merchants Bank*, No. 24-1249, 2025 WL 2694801 (6th Cir. May 23, 2025) ....................7, 9

*Rakas v. Illinois*, 439 U.S. 128 (1978)....................11

*Roth v. Guzman*, 650 F.3d 603 (6th Cir. 2011)....................10

*Sampson v. Gee-Cram*, 655 F. App'x 383 (6th Cir. 2016).................... 11, 13

*U.S. v. Evans, et al.*, 26-CR-20639 (E.D. Mich.)....................3

*United States v. Abdalla*, 972 F.3d 838 (6th Cir. 2020) ....................2, 12

*White v. Pauly*, 137 S. Ct. 548 (2017) ....................12

*Wynn v. Starnes*, 2023 WL 6276587 (N.D. Ohio Sept. 26, 2023)....................9

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).................... 4, 5, 8, 9

**Other Authorities**

Civil Asset Forfeiture Reform Act of 2000 ....................9

**Rules**

Fed. R. Civ. P. 12(b)(6)....................3

## Introduction

In 2024, plaintiffs acted as conservators of several incompetent wards. In that role, they misappropriated funds from their wards and used those funds to benefit themselves and their own business. As a result, the FBI obtained search and seizure warrants for property and funds they misappropriated from their wards then pursued criminal charges against plaintiffs. In this suit, plaintiffs seek money damages from the FBI agent who obtained the search and seizure warrants under *Bivens*. The Court should dismiss plaintiffs' suit because plaintiffs have not asserted a valid *Bivens* claim against the FBI agent and, even if they had, plaintiffs' claims would be barred by the agent's qualified immunity.

## Background

Plaintiff Kijuana Evans operates Tristate Guardian Services. (Am. Compl., ECF No. 12, PageID.108–112). In 2024, the Oakland County Probate Court appointed Tristate Guardian Services as the guardian or conservator for several individuals who were incapable of managing their own financial affairs. (*See id.*). Tristate deposited funds belonging to these individuals into an account on which Lonnie Lamont Griffin and Evans were signatories. (*Id.* at PageID.112–114). Griffin and Evans then moved these funds into the other seized accounts which Griffin or Evans controlled. Tristate also used funds from its wards to purchase a 2024 Ford Transit Van, then granted Griffin the right to use the van. (*Id.*).

In April 2025, the FBI obtained search and seizure warrants for Tristate's accounts and the 2024 Ford Transit Van. *See In re Search/Seizure Warrant*, 25-mc-50449 (E.D. Mich.); *In re 2024 Ford Transit 350 Van*, No. 25-mc-51232 (E.D. Mich.); *Griffin v. Fed. Bureau of Investigation*, No. 25-11267, 2025 WL 4351525, at *1 (E.D. Mich. Dec. 5, 2025), R & R adopted, No. 25-11267, 2026 WL 821197 (E.D. Mich. Mar. 25, 2026). In particular, a federal Magistrate Judge issued warrants to search the property at 19634 Spencer Avenue and to seize the 2024 Ford Transit Van. (*See In re Search/Seizure Warrant*, 25-mc-50449-4 (E.D. Mich.)). Defendant FBI Agent Jeffrey Weiland prepared an affidavit to support these warrants. (Am. Compl., ECF No. 12, PageID.114–118). FBI agents executed the warrants on the same day, which included seizing the accounts specified in the warrants, searching the property at 19634 Spencer Avenue, and seizing the 2024 Ford Transit Van.[1] (Am. Compl., ECF No. 12, PageID.110–118).

In May 2025, Griffin filed a civil suit challenging the FBI's seizures. *See Griffin v. Fed. Bureau of Investigation*, 2025 WL 4351525, at *1. The district court

---

[1] The submission for the warrant for the 2024 Ford Transit Van properly identified the van as the target of the warrant and provided probable cause for the seizure, however, due to an inadvertent error, the warrant submitted for the Court's signature misidentified the target and instead listed a bank account. *See In re Search/Seizure Warrant*, 25-mc-50449-4 (E.D. Mich.). This administrative error was corrected on June 25, 2025. *See id.* This technical error that does not undermine the FBI's probable cause for seizing the van and does not render the seizure improper under the Fourth Amendment. *See United States v. Abdalla*, 972 F.3d 838, 845 (6th Cir. 2020).

dismissed that suit in April 2026. (*See Griffin v. FBI*, 25-11267 (E.D. Mich.), ECF No. 37). Griffin appealed and that appeal remains pending the Sixth Circuit. (*See Griffin v. FBI*, 26-1376 (6th Cir.)).

In September 2026, the U.S. Attorney's Office indicted plaintiffs Kijuana Evans and Lonnie Lamont Griffin for embezzling funds from Tristate's wards. *U.S. v. Evans, et al.*, 26-CR-20639 (E.D. Mich.). The funds and property in dispute in this case were seized as part of the criminal case against them.

In this suit, plaintiffs allege that Agent Weiland violated their Fourth Amendment rights and seek damages from him in his individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Am. Compl., ECF No. 12, PageID.107–108).

## Standard of Review

Dismissal pursuant to Rule 12(b)(6) is appropriate where the pleadings have failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Michigan,* 409 F.3d 710, 716 (6th Cir. 2005). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

# Argument

The Court should dismiss plaintiffs' complaint because they have not stated a valid *Bivens* claim against Agent Weiland. In addition, even if plaintiffs had stated a valid *Bivens* claim, plaintiffs' claims would be barred by Agent Weiland's qualified immunity.

## I. Plaintiffs Have Not Stated a Valid *Bivens* Claim Against Agent Weiland

The Court should not imply a damages remedy under the facts of this case. Congress has not provided a statutory damages remedy against federal officials in their individual capacities for constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Instead, the Supreme Court has recognized an implied damages remedy in only three narrow circumstances: in *Bivens*, 403 U.S. at 397, (under the Fourth Amendment for unreasonable, warrantless search and seizure by federal narcotics agents); in *Davis v. Passman*, 442 U.S. 228 (1979) (under the Fifth Amendment for gender discrimination by a Congressman against a female staffer); and in *Carlson v. Green*, 446 U.S. 14 (1980) (under the Eighth Amendment for deliberate indifference to a federal prisoner's life-threatening medical condition, leading to his death).

Since then, the Supreme Court "has not implied additional causes of action under the Constitution," *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022), and has repeatedly "emphasized that recognizing a cause of action under *Bivens* is a

'disfavored judicial activity,'" *id.* at 1803 (quoting *Ziglar*, 137 S. Ct at 1856-57 (reinforcing that the Court has "consistently refused to expand *Bivens* to any new context or category of defendant")). This is because "[a]t bottom, creating a cause of action is a legislative endeavor," *Egbert*, 142 S. Ct. at 1802, and Congress, not the Judiciary, is best suited "to decide when to provide a cause of action against federal employees." *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021), *cert. denied sub nom*. *Elhady v. Bradley*, No. 21-1492, 2022 WL 6572095 (U.S. Oct. 11, 2022).

The court may not recognize a *Bivens* claim unless it satisfies a two-step analysis. *Egbert*, 142 S. Ct. at 1803–04. "First, [courts] ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* (quoting *Ziglar*, 137 S. Ct. at 1859–60). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1858). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.*

*Egbert* announced a new approach to analyzing *Bivens* claims. Under *Egbert*, courts must focus on whether there are any potentially different policy

considerations not just factual similarities to previous cases. *See Egbert*, 142 S. Ct. at 1803–06. Further, courts must analyze each *Bivens* claim under the standard described in *Egbert* and in comparison only with the original trilogy of cases, even if circuit precedent previously recognized a broader array of *Bivens* claims.

*A. Plaintiffs' Claims Present a New* Bivens *Context*

All of plaintiffs' claims against Agent Weiland are based on alleged Fourth Amendment violations, therefore, their claim is only cognizable under *Bivens* if it arises in the same context as *Bivens* itself. A case is "meaningfully different" from *Bivens* if it implicates policy concerns that were not present in the original case, even if the factual scenario is nearly identical. *See Egbert*, 142 S. Ct. at 1805–06. For instance, in *Egbert*, a hotel owner alleged that a Customs and Border Patrol agent used excessive force when conducting a warrantless search of his property. *See id.* at 1801–02. As noted in a concurrence, "[t]hose are precisely the facts of" *Bivens*. *Id.* at 1814 (Sotomayor, concurring in the judgment and dissenting in part). Nevertheless, the majority held that *Egbert* arose in a new context because the search was conducted by a different federal law enforcement agency and the search occurred near the border, which implicated national security concerns, rather than the concern underlying *Bivens*. *Egbert*, 142 S. Ct. at 1805. As a result, the Supreme Court found that *Egbert* arose in a new context, even though it involved "almost

parallel circumstances" to *Bivens* and "a similar mechanism of injury." *Id.* at 1805–06 (quotations omitted).

Here, plaintiffs' suit presents a new *Bivens* context. In *Bivens*, federal narcotics agents entered the petitioner's home without a warrant and arrested him on narcotics charges. 403 U.S. at 389. "The agents manacled petitioner in front of his wife and children, and threatened to arrest the entire family." *Id.* "They searched the apartment from stem to stern" and thereafter transported him to a federal courthouse "where he was interrogated, booked, and subjected to a visual strip search." *Id.*

Here, the fact that the FBI searched and seized plaintiffs' property pursuant to a warrant is a dispositive difference between this case and *Bivens*. (*See* Am. Compl., ECF No. 12, PageID.122). Indeed, plaintiffs' claims are specifically directed at Agent Weiland's activities to obtain the warrants used to search and seize plaintiffs' property. (*See id.*). The Sixth Circuit has repeatedly recognized that "the existence of the warrant . . . factually distinguishes the context from *Bivens*" and raises a new context. *Pompy v. First Merchants Bank*, No. 24-1249, 2025 WL 2694801, at *9 (6th Cir. May 23, 2025); *Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438, at *3 (6th Cir. July 25, 2023) ("Although *Bivens* also involved an entry by law enforcement into a private residence, this case is meaningfully different because, unlike in *Bivens*, Rinehart and his team were attempting to execute an arrest warrant of a third party who they believed resided at the Glastonbury address."). And, if the

warrant alone were not sufficient, plaintiffs do not allege any of the other relevant facts in *Bivens* are present here. In particular, plaintiffs do not allege that Agent Weiland worked for the same agency involved in *Bivens*, that he was investigating the same kind of crime, that he searched their homes, arrested them, threatened them, interrogated them, or strip searched them. (*See* Am. Compl., ECF No. 12). Therefore, the Court should find that plaintiffs' suit raises a new *Bivens* context.

*B. Special Factors Indicate that the Court Should Not Recognize a* Bivens *Remedy in this Case*

If a *Bivens* claim arises in a new context, a court should reject the claim if "there is *any* rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1805 (emphasis in original) (citing *Ziglar*, 137 S. Ct. at 1858). This analysis must not focus on the particular facts of the case but rather must ask whether "a court is competent to authorize a damages action not just against" the particular federal agent, but against "agents generally." *Id.* at 1805–06.

Considering the issue from that standpoint, the "decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide." *Ziglar*, 137 S. Ct. at 1858. This includes weighing "the burdens on Government employees who are sued personally, as well as the projected costs and consequences to the Government itself when the tort and monetary liability mechanisms of the legal system are used to bring about the proper formulation and

implementation of public policies." *Id.* Because Congress is generally better suited to weigh these factors, the answer to the question of whether a court should recognize a new *Bivens* claim in almost all circumstances, "plainly, is no." *Egbert*, 142 S. Ct. at 1806.

The Sixth Circuit has acknowledged that suits against officers in their individual capacities place an undue burden on the officers and their law enforcement responsibilities and there are alternative pathways to complain about the conduct of federal officers. *See Pompy,* 2025 WL 2694801, at *9; *Cain*, 2023 WL 6439438, at *4. And, in this case, there is even greater reason to hesitate to expand *Bivens* because plaintiffs could have challenged all of the seizures at issue in this suit under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), but plaintiffs chose not to do so and they have forfeited their claims under that statute. (*See Griffin v. FBI*, 25-11267 (E.D. Mich.), ECF No. 37). Accordingly, the Court should find that special factors weigh against recognizing a *Bivens* claim in a new context in this case. *See, e.g.*, *Wynn v. Starnes*, 2023 WL 6276587 (N.D. Ohio Sept. 26, 2023) (holding that *Bivens* claim arising from seizure of property pursuant to warrant was not actionable under *Bivens*).

## II. Agent Weiland is Entitled to Qualified Immunity

To analyze a claim of qualified immunity, courts use a two-part test: (1) whether, considering the allegations in a light most favorable to the party injured, a

constitutional right has been violated and (2) whether that right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Once a defendant raises a defense of qualified immunity, the plaintiff bears the burden of showing that the defendant is not entitled to immunity. *Roth v. Guzman*, 650 F.3d 603, 609 (6th Cir. 2011) (citation omitted). Even if plaintiffs' claims were cognizable under *Bivens*, they would be barred by Agent Weiland's qualified immunity because plaintiffs do not allege that he violated a clearly established constitutional right.

*A. Agent Weiland Did Not Violate the Fourth Amendment*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States*, 585 U.S. 296, 303 (2018). "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in "objective good faith." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012).

Here, plaintiffs have failed to allege that Agent Weiland violated their Fourth Amendment rights. In the complaint, plaintiffs allege that Agent Weiland violated the Fourth Amendment by failing to sufficiently support the affidavit supporting the search and seizure warrants, failing to obtain a warrant to search the property at 19634 Spencer Avenue, failing to obtain a warrant to seize the 2024 Ford Transit

Van until after it was seized, and by seizing various bank accounts that plaintiffs allege contained comingled funds. (Am. Compl., ECF No. 12, PageID.118–132).[2] However, these allegations are refuted by the warrants themselves. (*See In re Search/Seizure Warrant*, Nos. 25-mc-50449-1, 25-mc-50449-4, 25-mc-50449-5 (E.D. Mich.)). Therefore, plaintiffs have not plausibly alleged that Agent Weiland violated their Fourth Amendment rights. *See, e.g.*, *Sampson v. Gee-Cram*, 655 F. App'x 383, 389 (6th Cir. 2016) (holding officer entitled to qualified immunity for seizure of funds pursuant to a warrant).

Nor can plaintiffs argue that the seizure of the 2024 Ford Transit Van was improper under the Fourth Amendment. As noted above, the submission for the warrant for the 2024 Ford Transit Van properly identified the van as the target of the warrant and provided probable cause for the seizure. *See In re Search/Seizure Warrant*, 25-mc-50449-4 (E.D. Mich.). However, due to an inadvertent technical

[2] Plaintiffs also allege that unidentified officers failed to present Deondre Gray with a copy of the warrants, however, Agent Weiland cannot be held liable for the actions of unidentified officers, Deondre Gray does not have standing to assert a Fourth Amendment violation regarding the seizure of a van he did not own, and failing to present a warrant is typically not a Fourth Amendment violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Rakas v. Illinois*, 439 U.S. 128, 139 (1978) (petitioner did not have Fourth Amendment interest in automobile he did not own); *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996) ("The Fourth Amendment does not necessarily require that government agents serve a warrant, or an attachment thereto, prior to initiating a search or seizing property.").

error, the warrant submitted for the Court's signature misidentified the proper target. *Id.* The agency corrected this administrative error on June 25, 2025. *See id.* This technical error, which did not undermine the FBI's probable cause for seizing the van, does not render a seizure pursuant to that warrant invalid under the Fourth Amendment. *See Abdalla*, 972 F.3d at 845 ("this court has upheld many technically defective warrants, including a warrant listing an address that 'd[id] not exist' within the authorizing judge's jurisdiction.").

*B. Agent Weiland Did Not Violate any Clearly Established Law*

When analyzing qualified immunity, if the court finds a constitutional violation, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232. The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*; *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018). To ensure adequate specificity in the Fourth Amendment context, the Supreme Court has "stressed the need to 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'" *Wesby*, 138 S. Ct. at 590; *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017).

Here, as noted above, Agent Weiland did not violate plaintiffs' Fourth Amendment rights because he participated in the seizures of their assets pursuant to lawfully issued warrants. The Sixth Circuit has concluded that similar searches and seizures did not violate the Fourth Amendment, therefore, plaintiffs cannot show that Agent Weiland's conduct violated their clearly established constitutional rights. *See Sampson*, 655 F. App'x at 389; *Wesby*, 138 S. Ct. at 590.

## Conclusion

Defendant respectfully requests that the Court dismiss plaintiffs' complaint because they have failed to plead a valid claim against him.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*/s/ Zak Toomey*
Zak Toomey (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: November 23, 2026

## Certificate of Service

I hereby certify that on November 23, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/ Zak Toomey*
Zak Toomey
Assistant U.S. Attorney